IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NORRIS BOSTON, #S-07401,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 12-cv-237-JPG |
| | ) |
| **RANDY GROUNDS,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Norris Boston, an inmate in Robinson Correctional Center ("Robinson"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving a two year sentence for failing to register as a sex offender. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A and shall dismiss this action.

**The Complaint**

Plaintiff claims that Defendant Randy Grounds, the warden of Robinson, has discriminated against him by failing to place him in an approved residence where Plaintiff can serve his mandatory supervised release period. Plaintiff is required to register as a sex offender, and to be subject to electronic monitoring (Doc. 1, pp. 13-15). Plaintiff was eligible for mandatory supervised release on January 6, 2012, but is still incarcerated because no placement was found for him.

Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages for the additional time served in prison.

**Discussion**

At the outset, this Court must independently evaluate the substance of Plaintiff's claim to determine if the correct statute – in this case 42 U.S.C. § 1983 – is being invoked. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing § 1983 claims that should have been brought as petitions for writ of habeas corpus); *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002) (district court should not have recharacterized declaratory judgment action as petition for habeas corpus); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate

independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus, not a civil rights action, is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody- whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991).

Plaintiff requests injunctive relief requiring Defendant to "cease and desist from depriving the Plaintiff a place of residence" (Doc. 1, p. 10). Thus, Plaintiff appears to be seeking immediate release to a less restrictive location where he can serve the remaining period of his mandatory supervised release term. Such relief cannot be granted in a civil rights action pursuant to § 1983, thus this action must be dismissed. *Graham*, 922 F.2d at 381-82. Plaintiff may seek release through a federal habeas petition, however, such an action may only be commenced after Plaintiff has first exhausted his remedies through the Illinois state courts. *See* 28 U.S.C. § 2254(b); *Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). It appears from Plaintiff's complaint that he has not initiated any state court action on this matter.

The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to follow the rules of the Illinois Department of Corrections. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 Illinois Compiled Statutes 5/14-101 *et seq.*, to consider the merits of Plaintiff's claim. Accordingly, Plaintiff's claim seeking mandatory supervised release is dismissed without prejudice to Plaintiff bringing this claim in a properly filed habeas corpus action, **but only after he has exhausted his state court remedies**.

Furthermore, Plaintiff cannot seek damages in a civil rights action for his additional imprisonment, unless his confinement is found to be invalid. *Heck*, 512 U.S. at 483 ("Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."). Accordingly, the portion of Plaintiff's claim requesting compensation is also subject to dismissal.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief may be granted, and thus is **DISMISSED.** This dismissal shall be **without prejudice** to Plaintiff pursuing his claims in state court, or in a federal habeas corpus petition **after he has fully exhausted his state court remedies**.

This dismissal shall not count as one of Plaintiff's allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:   March 27, 2012**

      *s/J. Phil Gilbert*
      **United States District Judge**